UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

IRIS LIVINGSTON,

    Plaintiff,
v.

JAMES S. COLEMAN,

    Defendant.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, IRIS LIVINGSTON, brings this action against Defendant, JAMES S. COLEMAN, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff was a resident of the State of Florida and an "employee" of Defendant as defined by the FLSA.

3. Dream Recovery International ("Dream Recovery"), was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the operation of addiction treatment centers, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4. Dream Recovery operated treatment facilities in Broward County, FL.

5. At all times material hereto, Dream Recovery was an addiction treatment business in South Florida, engaged in commerce in the operation of addiction treatment centers, at all times

material hereto was an "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more.

6. Dream Recovery has since filed for Chapter 11 Bankruptcy.

7. Defendant, JAMES S. COLEMAN, is a resident of Nassau County, New York and was, and now is, the managing agent and director of Dream Recovery International, LLC; said Defendant acted and acts directly in the interests of Dream Recovery International, LLC in relation to Dream Recovery International, LLC's employees. Defendant dominated Dream Recovery International, LLC administratively and acted, and had the power to act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others. Thus, JAMES S. COLEMAN was and is an "employer" of Plaintiff within the meaning of 29 U.S.C. §203(d).

8. Defendant JAMES S. COLEMAN directly controlled the payroll of Plaintiff and chose not to pay Plaintiff for entire payroll periods, which gave rise to Plaintiff's claims in this action.

9. Plaintiff IRIS LIVINGSTON worked as a Resident Specialist.

10. Plaintiff have attached a statement of claim as <u>Exhibit A</u> to provide preliminary estimates of the hours worked, amounts not paid, and damages. These amounts may change as Plaintiff engages in the discovery process.

11. Defendant knowingly and willfully refused to pay Plaintiff her legally-entitled wages.

12. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

13. Plaintiff has retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

14. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-13 above as if set forth herein in full.

15. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216(b), that Plaintiff is entitled to: (i) unpaid minimum wages and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

16. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendant plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax: (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esquire
Bar No.: 74791

4