UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 16-62674-CIV-MARTINEZ/GOODMAN**

IRIS LIVINGSTON,

    Plaintiff,

v.

JAMES S. COLEMAN,

    Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON
DEFENDANT'S MOTION TO QUASH SERVICE**

Plaintiff Iris Livingston filed this Fair Labor Practices Act lawsuit in federal court in November 2016. [ECF No. 1]. She contends that Defendant James S. Coleman did not pay her $696 in wages. [ECF No. 1-3]. The case has not progressed much, from a substantive perspective, in the past three and a half years. Coleman has not yet filed a response to the complaint.

Ultimately, however, after tussling over service, a default judgment, and motions relating to those developments, Coleman filed a motion to quash service [ECF No. 29]. Plaintiff filed a response in opposition. [ECF No. 31]. United States District Judge Jose E. Martinez referred the motion to quash to the Undersigned. [ECF No. 30]. On July 21, 2020,

the Undersigned held a Zoom evidentiary hearing on the motion to quash service. [ECF Nos. 32; 33].

In layman's terms, the issue generated by the motion and the evidentiary hearing is straightforward: is Coleman making a mountain out of a legal molehill, or has he raised a significant defect in service which justifies an order quashing the service made on December 12, 2016?

For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **deny** Defendant's motion to quash service of process. In other words, Coleman's motion challenges what is, in effect, a mere molehill and it ignores the reality that Livingston's service was substantially compliant and therefore is legally sufficient. Assuming that Judge Martinez adopts this Report and Recommendations, this lawsuit will finally be able to move forward on the merits of Livingston's FLSA claim.

### I.    Background

Livingston filed an FLSA complaint against Coleman, alleging that he unlawfully withheld Plaintiff's legally entitled wages. [ECF No. 1]. Livingston filed an affidavit of service confirming that Coleman had been served with a copy of the summons, complaint, and exhibits through substitute service on his spouse, Connie Coleman. [ECF No. 9]. Coleman failed to file an answer or other response to the complaint and the Clerk of Court entered a default. [ECF No. 11].

Livingston then moved for a default judgment in her favor. [ECF No. 12]. Coleman filed a response in opposition, stating that he was served only with a letter and an *unsigned* copy of the complaint. [ECF No. 13]. Judge Martinez gave Coleman until September 5, 2017 to respond to the complaint or a default final judgment would be awarded. [ECF No. 16]. Rather than answering the complaint, Coleman filed a motion requesting the Court to vacate the default judgment. [ECF No. 18]. Judge Martinez required Coleman to file a copy of the letter and unsigned complaint he says he received. [ECF No. 21]. Coleman submitted a filing stating that he no longer had those records. [ECF No. 22].

Judge Martinez then required Coleman's wife to submit an affidavit attesting to the facts surrounding the service of process. [ECF No. 23]. Ms. Coleman submitted an affidavit stating that: "On December 12, 2016 I was served a letter for my husband . . . When my husband, James S. Coleman, came home he opened the letter in my presence. The letter contained an unsigned Complaint without any exhibits." [ECF No. 24].

Judge Martinez granted the Defendant's motion to vacate the clerk's earlier default judgment [ECF No. 11] and ordered that the case be re-opened to allow Coleman to file a motion to quash service. [ECF No. 25]. Coleman subsequently filed a motion to quash service. [ECF No. 29]. The motion to quash service is only two-pages long, does not cite to any case law, and restates Coleman's position that the service was not proper because he received only a letter and an unsigned copy of the complaint. Livingston filed a

3

response in opposition, stating that Coleman's denial of service is insufficient, and that Coleman had not presented clear and convincing evidence that service was improper. [ECF No. 31].

### a. *Testimony from Zoom Hearing*

On July 21, 2020, the Undersigned held an evidentiary hearing via Zoom videoconference on the motion to quash service. [ECF No. 33]. Defendant's wife Connie Coleman testified that, on December 12, 2016, she received an envelope from process server, Amir Levy. Her husband later opened the envelope in front of her. An unsigned copy of the complaint was in the envelope, but no exhibits were attached or otherwise in the envelope. She says she remembers her husband pointing out that there was no signature on the complaint. The process server, Mr. Levy, testified that he served Mrs. Coleman with summons issued by the Clerk, a signed copy of the complaint, and an attached exhibit documenting the amount of money owed to the Plaintiff. When asked, Mr. Levy was able to recall certain details of the Coleman residence. Mr. Levy also noted that he serves hundreds of documents a year and that his recollection of this specific service was refreshed by Plaintiff's counsel sending him the served documents before the hearing.

Mr. Levy testified it would have been impossible for an unsigned copy of the complaint to be served because he does not have access to an unsigned copy. He is

provided with the electronic copy of the complaint filed with the Court, which had to be signed. Mr. Levy also confirmed that the Complaint contained a case number.

The Undersigned takes judicial notice of the following points from the CM/ECF docket: (1) the Complaint was filed on November 13, 2016 and is signed by Livingston's counsel [ECF No. 1]; (2) the initial Complaint does not contain a case number; (3) the Clerk's notice advising of the assignment to Judge Martinez was filed on November 13, 2016 and contains the case number [ECF No. 2]; and (4) the summons was entered and filed on November 14, 2016 and contains the case number [ECF No. 4].

Coleman himself testified. He confirmed his wife's testimony and also said that the letter in the envelope was a notice of Livingston's *intent* to file a lawsuit and urging him to contact Plaintiff's counsel to resolve the dispute and to avoid the threatened lawsuit.

Significantly, Coleman did not testify that the unsigned version of the Complaint is in any way substantively *different* from the signed version. In fact, he did not even mention that he made a comparison between the signed, as-filed version and the one served on his wife in their New York home.

Livingston's counsel, Elliot Ari Kozolchyk, also testified. He said he forwarded the papers to be served to his local process server in South Florida, who then forwarded them to Levy in New York. Kozolchyk explained that neither his local process server nor any other process server has access to an unsigned version of the Complaint. He further

5

explained that it would be *impossible* for this to happen because the Complaint and Summons are digitally filed. He did not, however, introduce into evidence a copy of the email he forwarded to his local process server in November 2016 or the email which his local process server presumably sent to Levy in New York. Those emails or cover letters may have established which documents were actually forwarded to the process servers. And he did not call his local process server as a witness.

## II.     Applicable Legal Principles and Analysis

Coleman is moving to quash service of process because he says he received an unsigned copy of the complaint. As mentioned above, the Undersigned takes judicial notice that the Complaint filed on CM/ECF was in fact signed with an actual signature. However, assuming that Coleman *was* somehow served with only an unsigned copy of the complaint,[1] the Undersigned does not find that service should be quashed here because Coleman would not be prejudiced by this purely technical defect.

---

[1] This ruling is not based on a credibility assessment which weighs the reliability of testimony provided by the Colemans against the testimony of Levy and Kozolchyk. The Undersigned can imagine a scenario where Kozolchyk's office inadvertently forwarded an unsigned version of the Complaint to the process server even though the original was signed and filed and even though the Summons was assigned a case number and a federal district judge. In other words, it is not *impossible* for an unsigned version to have been served without exhibits. In order to avoid making a factual finding based on a determination of which testimony I believe and which testimony I reject, I am giving Coleman the benefit here and *assuming* that his version is correct. Because I am ruling against Coleman, even with this assumption, because his view of the law is unconvincing, the difference in testimony is legally irrelevant. Coleman's motion to quash should be denied *even if* his factual version actually is the correct one.

Federal Rule of Civil Procedure 4(c)(1) provides that in order to effect service of process, "[a] summons must be served with a copy of the complaint." The central purpose of service of process is "to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996).

Rule 4 "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Sanderford v. Prudential Ins.*, 902 F. 2d 897, 900 (11th Cir. 1990) (internal quotation omitted); *see also Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F. Supp. 2d 1273, 1281 (S.D. Fla. 1999) ("It is well-established that once a defendant has actual notice of the pendency of an action, the requirements of Fed. R. Civ. P. 4 are to be liberally construed.").

As long as there has been "substantial compliance" and the defendant has not been prejudiced, a court will have personal jurisdiction notwithstanding "imperfect service of process" or a "technical error" in the form of the summons. *Drill South, Inc. v. Int'l Fidelity Ins. Co.*, 234 F.3d 1232, 1238 (11th Cir. 2000); *see also Sanderford*, 902 F.2d at 900 ("[I]f a summons is in substantial compliance with Rule 4(b), F.R.Civ.P., and a defendant has not been prejudiced by the defect in the summons, the defendant must raise his . . . defense by motion or in a responsive pleading, or risk having waived that defense if he or she waits until final default judgment has been entered.").

The Undersigned is not aware of any cases from the Southern District of Florida or the Eleventh Circuit directly addressing the issue of whether service of an *unsigned* copy of a complaint is insufficient under Rule 4. However, the Southern District of New York addressed this issue in *Langreich v. Gruenbaum*, and found service was not insufficient for the mere absence of a signature. No. 2006-CV-4931, 2009 WL 321253, at *2 (S.D. N.Y. 2009).

In *Langreich*, the defendants argued that service was defective under Rule 4(c)(1) because the plaintiffs served an unsigned copy of the complaint and did not list the attorney's address and telephone number. *Id.* The Court noted that it "uncovered no relevant authority indicating that service of an unsigned complaint lacking an attorney address and telephone number amounts to defective service." *Id.* The Court found that because the complaint served was textually identical to the copy filed with the court, with the exception of the missing signature, the defendants likely did not suffer any prejudice as a result of the missing signature; and thus, defendants were not entitled to dismissal for failure to effect proper service. *Id.*; *see also Sweeney v. Darricarrere*, No. 09-cv-00266, 2009 WL 2132696, *5 (D. Ariz. 2009) (finding Rule 4(c) satisfied where defendant alleged plaintiff failed to serve exhibits to complaint because the exhibits were available in the electronic docket where defendants could retrieve them anytime).

Here, Coleman does not deny that a copy of the complaint was served on him. Rather, he claims only the complaint was unsigned and that it did not contain exhibits.

8

The Undersigned finds that this scenario, even if factually correct, is merely a technical error and that substantial compliance with Rule 4(c) has been met here. The service of the complaint (even if unsigned) alerted Coleman that a suit was being filed against him by Livingston and upon what grounds. *See Henderson*, 517 U.S. at 672 (stating that the central purpose of service of process is "to supply notice of the pendency of a legal action"); *see also Sanderford*, 902 F.2d at 901 (finding that service was not improper because defendant "had complete and total knowledge of the claims against him").

Further, Coleman was not prejudiced by the lack of signature on the Complaint and missing exhibits. Coleman does not contend that the complaint served on him is different from the complaint contained on CM/ECF or that he has suffered any prejudice as a result of the complained defects. Additionally, the signed complaint, including all exhibits, are contained on CM/ECF and have been available to Coleman since this case was filed. *See Sweeney*, 2009 WL 2132696, at *5 (finding Rule 4(c) satisfied because the exhibits were available in the electronic docket where defendants could retrieve them anytime).

Accordingly, even assuming that Coleman was served with only an unsigned copy of the complaint, which was missing the exhibits, the Undersigned finds that Rule 4 was satisfied, and Coleman has not shown by clear and convincing evidence that service should be quashed here. *See McLean v. Church of Scientology of California*, 538 F. Supp. 545,

547 (M.D. Fla. 1982) ("A defendant must show invalidity of service by clear and convincing proof before being entitled to an order granting a motion to quash.").

### III.    Conclusion

For the reasons discussed above, the Undersigned **respectfully recommends** that the District Court **deny** Defendant's motion to quash service. To use a literary metaphor from "The Bard of Avon," Coleman's motion to quash service is "much ado about nothing."[2]

### IV.    Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d

---

[2]    A comedy by William Shakespeare, written in 1598 and 1599, as Shakespeare was approaching the middle of his career.

790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**DONE AND ORDERED** in Chambers, at Miami, Florida, on August 12, 2020.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Jose E. Martinez
All counsel of record